JMIRIAM G. WALTZER, Judge.
Chadwick M. Landry appeals once more the trial court’s dismissal of his action against defendants, Harbert Construction Corporation, Harbert International, Inc., and Derrell James Landry (Harbert).
FACTS AND HISTORY OF THE CASE
Chadwick Landry worked for Sherman International Corporation, which company contracted to supply concrete to Harbert. Har-bert contracted with the Department of Transportation and Development (DOTD) to build roads and bridges. “Sherman, in accordance with and pursuant to its subcontract with Harbert, constructed a concrete *526 mixing ‘batch plant.’ Mr. Landry was injured during the construction of this batch plant.”[1]
Harbert has moved for summary judgment twice, claiming immunity from Landry’s suit. Prior to the motion now before this court, Harbert asserted its immunity as Landry’s employer under a “two contract” theory. Landry opposed this motion for summary judgment, but he offered no evidence. The trial court dismissed Landry’s suit. In the prior appeal of the first dismissal, this court decided that “the construction of the batch plant was a part of Harbert’s work for DOTD. Consequently, as Mr. Landry was hurt during the construction of the concrete batch plant, the two-contract defense is applicable.” However, the previous appeal reversed the summary judgment, since Harbert failed to attach certain documents reviewed to prepare an affidavit, a violation of La.C.C.P. art. 967.
The matter now before us concerns Har-bert’s second motion for summary ^judgment. Harbert reurged its defense of immunity, and Landry once more offered no evidence in his opposition. After the trial court’s second dismissal of this action, Landry appeals, arguing only that the two-contract theory does not apply.
LAW OF THE CASE
The “law of the case” doctrine applies to parties who have previously had the identical question presented and decided by an appellate court. Avenue Plaza, L.L.C. v. Falgoust, 96-C-0173 (La.7/2/96), 676 So.2d 1077, 1079. This doctrine applies when the same issue is presented to the same court that has previously decided that issue in the same case, having now become res judicata. Id.
Landry appeals the second dismissal of his action against Harbert. In this appeal, Landry’s only assignment of error concerns whether the trial court erred when it applied the two-contract doctrine. However, we have considered this issue in this case on a previous appeal. In Landry v. Harbert Construction Corp., et al., 96-2834, 698 So.2d 75, in an unpublished opinion, this court held that “as Mr. Landry was hurt during the construction of the concrete batch plant, the two-contract defense is applicable.” We have previously addressed the only error urged by Landry. Therefore, the law of the case doctrine precludes our reconsideration of this error.
CONCLUSION
Accordingly, we affirm the trial court’s summary judgment, dismissing the action against Harbert.
AFFIRMED.

. This case was before this court on a previous appeal in Landry v. Harbert Construction Corp., et al., 96-2834, 698 So.2d 75, and we quote from this unpublished opinion.