I,KIRBY, J.
This case arises from a collision between an automobile driven by the plaintiff, Sandra Glover, and an eighteen-wheel tractor-trailer driven by the defendant, Alton Lee Burnett, on June 20, 1989, at Louisiana Avenue and Tchoupitoulas Street, in New Orleans. The truck was leased by Burnett’s employer, Shiflett Transport Services, Inc., from Ryder Truck Rentals, Inc. In a prior suit, plaintiff sued Alton Lee Burnett alleging he was acting in the course and scope of his employment at the time of the accident and joined Burnett’s employer, Shiflett Transport Services, Inc., as an additional defendant under the theory of respondeat superior. In January of 1990, plaintiff amended her petition to add Truck Insurance Exchange, the liability insurer of Shiflett Transport Services, Inc. as a defendant. Ryder Truck Rentals, Inc. (hereinafter “Ryder”) was the owner of the truck which it leased to *1225 Shiflett, but Ryder was not a party to the first suit.
As a result of this collision, the plaintiff suffered severe bodily injury, including a herniated lumbar disc that was surgically removed and which resulted in a condition known as “drop foot”, meaning that the plaintiff has permanent | ¡.nerve damage that prevents her from flexing her foot upwards and causes her to walk with a limp.
In May of 1991, plaintiff sought to amend her petition again making additional claims and requesting a jury. The trial judge, Yada Magee, originally granted plaintiffs request to amend. Then she reversed that decision by a judgment in 1996. This Court affirmed the trial court as having not abused its broad discretion in this matter.
In 1996, the Louisiana Legislature amended Civil Code Art. 2323 to require the trier of fact to assign a percentage of fault to all persons causing or contributing to the injury, regardless of whether or not that person is a party to the action. In response to this change in the law, plaintiffs counsel, anticipating that the amendment may be held to be retroactive, as it in fact was in Keith v. United States Fidelity & Guaranty Company, 96-2075 (La.5/9/97), 694 So.2d 180, investigated whether there may be any fault on the part of Ryder that would require its join-der. Prior to the informal deadline for amendment to the pleadings (February 20, 1997), plaintiffs counsel retained a trucking expert to inspect a truck that was substantially similar to the truck at issue. He conducted his inspection on January 13, 1997, and reported that the truck lacked both a fender mirror and a down-view mirror that would have eliminated the blind spot that the truck driver testified prevented him from seeing the plaintiffs car. He further reported that these mirrors were inexpensive, easily installed and that they were available and in use in the industry at the time of the accident. After receipt of the report, and in | slight of the 1996 amendment to Civil Code 2323, plaintiffs counsel filed a third amended petition joining Ryder and alleging its fault under La. C.C. Arts. 2315 and 2317 for not providing these mirrors. That petition also alleged that these mirrors would have removed any blind spot to the right of the truck that the truck driver had testified to in deposition. This amendment was necessary to protect the plaintiffs interests in the event that Ryder was found to bear any fault at trial.
Leave of court was granted to file the amendment on January 28, 1997, by the Honorable Michael G. Bagneris. The Honorable Yada Magee also signed an order granting leave to file the same third amended petition on February 13, 1997.
On March 12, 1997, plaintiff filed a motion for trial by jury, before Ryder had filed an answer to the third amended petition. On July 18, 1997, Judge Magee acknowledged that the leave to amend was granted “without the benefit of a contradictory hearing” and withdrew leave to file the third amended petition orally from the bench. The trial court felt that the addition of Ryder was a subterfuge solely to avoid the time limitations for requesting jury trials.
Plaintiff filed an Application for Supervisory Writs with this Court on the jury trial issue. The writ application was denied. Plaintiff then filed writs with the Louisiana Supreme Court, which were also denied.
Plaintiff also filed a Motion for Devolu-tive Appeal, in order to protect her rights in the event that the appellate courts would find that the issue of Ryder’s dismissal must be preserved by an appeal rather than by an application for supervisory writs. The appeal was dismissed by judgment of this Court on May 6, L1998. Rehearing was granted and the decision was affirmed on September 9,1998.
Plaintiff then filed the present suit against Ryder Truck Rental, Inc., to preserve her rights against Ryder in the event that Ryder is found liable in the first *1226 suit. She did not request a jury trial. Ryder filed exceptions of prescription and res judicata which were granted by the Honorable Piper Griffin on July 28, 1999. Plaintiff appeals from this judgment.
The issues presented for review are: (1) whether res judicata applies; (2) whether the doctrine of “law of the case” applies; and finally, (3) whether prescription was interrupted.
Res Judicata is a Latin term, which loosely translated means “the thing adjudged.” Two questions arise as concerns the application of res judicata to these facts: first, did the Judgment of July 18, 1997, affirming the trial court’s denial of a third amended petition, acquire the authority of the “thing adjudged,” given that the judgment did not rule on the merits of the underlying claims; second, whether the judgment was between the two parties in this lawsuit, i.e. Ryder and Sandra Glover.
The pertinent statute is La. R.S. 13:4231, which states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, ... [Emphasis added.]
Our brethren in Yamaha Motor Corp., U.S.A. v. Bonfanti Industries, Inc., 90-1504 (La.App. 1 Cir. 10/18/91), 589 So.2d 575, dealt with a similar procedural |fihistory. In that case a judgment dismissing a suit on grounds of prematurity was declared final only for purposes of appealing the ruling on the prematurity issue. The dismissal on grounds of prematurity, of the suit to determine the applicability of a statute, was not res judicata in a subsequent action on the issue of whether that statute was applicable.
The authority of the thing adjudged takes place only with respect to what was the object of the judgment.
See supra Yamaha Motor Corp., USA v. Bonfanti Industries, Inc., p. 578.
In this case, the Judgment of July 18, 1997, denied the motion for jury trial and withdrew the plaintiffs leave of court to file the third amended petition, since the trial court felt that the addition of Ryder was a subterfuge to avoid the time limitations for requesting jury trials. The withdrawal of leave of court to file the third amended petition did not rule upon the merits of the underlying claims against Ryder. Because the object of this July 18, 1997 Judgment touched only upon plaintiffs ability to amend his petition in another suit, res judicata cannot apply to the object of this new suit, which is to determine the relationship between Ryder and Sandra Glover.
Moreover, the phrase in the Res Judica-ta Statute, “between the same parties,” is relevant. Ryder was never a party to the prior suit, i.e. Sandra Glover v. Shiflett Transport Services, Inc., because the trial . court did not allow the plaintiff to file her third amending petition which sought to join Ryder as a party.[1] Ryder argues that the implied effect of the affirmation of the trial court’s ruling to deny the amended petition dismissed them. The res judicata statute is clear, it uses the phrase “between the same parties.” Thus, as concerns res judicata, the implicit | ^effect of a judgment for a non-party is of no import, but rather whether or not Ryder was a “party” to this lawsuit. Since Ryder was never a “party” to the other lawsuit, no valid and final judgment can exist between them. It follows that there can be no issue adjudged between two non-parties, thus, the doctrine of res judicata cannot apply.
For analogous reasons, the doctrine of “law of the case” does not apply to this appeal of the granting of exceptions of res judicata and prescription. The “law of *1227 the case” doctrine applies to parties who have previously had the identical question presented and decided by an appellate court; this doctrine applies when the same issue is presented to the same court that has previously decided that issue in the same case, having now become res judicata. Chadwick M. Landry v. Harbert Construction Corporation, 98-1165 (La.App. 4 Cir. 12/9/98), 727 So.2d 525. Again, Ms. Glover and Ryder are not parties, nor have they been, for this reason the law of the case doctrine does not apply. Another reason why law of the case doctrine would not apply is that this new suit goes to the merits of the underlying claim, not to the distinct issue of whether or not plaintiff could amend her petition.
Finally, we come to the question of whether prescription was interrupted by the prior suit, in which Shiflett was made a defendant.
La. Civil Code Art. 3462 states in pertinent part as follows:
Prescription is interrupted when... the obligee commences action against the obligor, in a court of competent jurisdiction and venue.
La. Civil Code Art. 3463 states in pertinent part as follows:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue... within the prescriptive period continues as long as the suit is pending.
|7La. Civil Code Art. 2824 states in pertinent part as follows:
Interruption of prescription against one joint tortfeasor, whether the obligation is considered joint and divisible or soli-dary, is effective against all joint tortfea-sors.
La. Civil Code Art. 3503 states
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.
Plaintiffs suit against Shiflett is still pending. Because plaintiff has alleged facts in the present suit that Ryder is solidarily liable and is a joint tortfeasor with Shiflett, Alton Lee Burnett (the driver), and Truck Insurance Company (Shi-flett’s liability insurer), it follows that plaintiffs suit against Ryder has not prescribed.
Although never made party to this suit, Ryder was put on notice by service of the attempted amendment to the petition of the first suit. Thus, it cannot be argued that allowing this suit is overly prejudicial because they have received notice.
For the above stated reasons, the trial court’s granting of exceptions of res judi-cata and prescription are reversed.
Reversed.

. See the signed Judgment of July 18, 1997, withdrawing the leave of court to file the third amended petition.