865 So.2d 759 (2003)
Jimmy McGUIRE
v.
ENVIRONMENTAL MONITORING SERVICE, INC., Shell Oil Company and Shell Chemical L.P.
No. 03-CA-497.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2003.
Stuart H. Smith, Michael G. Stag, Smith Stag, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Mark A. Marino, Destrehan, LA, for Defendants/Appellees, Shell Oil Company and Shell Chemical L.P.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The plaintiff, Jimmy McGuire, has appealed the trial court's judgment granting the defendants' Exception of Prescription. For the reasons that follow, we reverse the judgment of the trial court.

*760 FACTS:
On February 6, 2001, plaintiff was injured during the course and scope of his employment with Brown & Root when he was struck by a vehicle owned by Shell Oil Company and Shell Chemical LP (hereinafter referred to as the Shell defendants). On February 6, 2002, plaintiff filed suit against the employer of the driver of the truck, Environmental Monitoring Service, Inc., and the Shell defendants. Plaintiff requested service be held on all defendants. On May 17, 2002, plaintiff filed an amending petition naming Environmental Management Service, Inc. as an additional defendant. The plaintiff requested that this additional defendant, as well as the Shell defendants, be served with a copy of the petition. The Shell defendants responded with a Motion to Dismiss for failure to serve within 90 days of the filing of the petition in accordance with C.C.P. art. 1201. On August 8, 2002 the trial court granted the Shell defendants' motion and dismissed plaintiff's suit against the Shell defendants without prejudice. On August 26, 2002, plaintiff filed a Third Supplemental and Amended Petition naming the Shell defendants and realleging all allegations of the previous petitions. Service of this petition was requested on the Shell defendants.
On October 25, 2002, the Shell defendants responded with an Exception of Prescription. The trial court granted the Shell defendants' exception following a hearing. This appeal followed.

LAW AND DISCUSSION:
On appeal, plaintiff contends the trial court erred in granting defendant's Exception of Prescription alleging several Assignments of Error. We agree that the trial court erred in granting the Exception of Prescription because the suit against a joint tortfeasor was still pending and there was no evidence of bad faith on the part of plaintiff. Accordingly, we will not discuss plaintiff's remaining Assignments of Error.
Code of Civil Procedure Article 1201 provides in pertinent part:
C. Service of the citation shall be requested on all named defendants within ninety days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing ...
Code of Civil Procedure Article 1672 C provides for involuntary dismissal without prejudice for failure to serve a defendant within the time prescribed by article 1201. Because the dismissal on August 8, 2002 was without prejudice, the plaintiff was free to file another suit against the Shell defendants. Plaintiff did so on August 26, 2002.
Civil Code Article 3462 provides that prescription is interrupted by filing of suit, stating in pertinent part:
Prescription is interrupted when the... obligee commences action against the obligor, in a court of competent jurisdiction and venue.
La. Civil Code Article 3463 states in pertinent part as follows:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue ... within the prescriptive period continues as long as the suit is pending.
In discussing prescription against joint tortfeasors, Civil Code Article 2324 states in pertinent part as follows:
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
Civil Code Article 3503 provides:
When prescription is interrupted against a solidary obligor, the interruption is *761 effective against all solidary obligors and their successors.
In the original petition, plaintiff alleged that Environmental Monitoring Service, Inc. and the Shell defendants are "liable joint, severally and in solido" for his damages. When the suit was dismissed without prejudice against the Shell defendants on August 8, 2002, the suit against a joint tortfeasor, Environmental Monitoring Service, Inc., was still pending. The above cited Code articles provide that prescription against a joint tortfeasor is interrupted when there is a suit pending against another joint tortfeasor. Glover v. Ryder Truck Rental, Inc., 99-3080 (La.App. 4 Cir. 9/13/00), 769 So.2d 1224, writ denied, 2000-2841 (La.12/8/00), 776 So.2d 462. However, R.S. 9:5801 provides that there will be no interruption of prescription
as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith.
In the hearing on this motion, plaintiff's attorney explained that the failure to timely serve the Shell defendants was due to a "mix-up" in his office.
Bad faith has been defined as acts intended to "mislead or deceive another, not prompted by an honest mistake, but by some interested or sinister motive." Lopez v. Lopez, XXXX-XXXXX (La.App. 3 Cir. 11/2/00), 772 So.2d 364, 366. A "mix-up" in plaintiff's attorney's office does not meet the definition of bad faith and the record does not reveal any evidence of bad faith on the part of plaintiff in failing to timely serve the Shell defendants. The record reflects that the trial judge granted the exception solely on the basis of C.C.P. art. 1201; there was no discussion of R.S. 9:5801.
Absent bad faith, the pending suit against joint tortfeasor, Environmental Monitoring Service, Inc., interrupted prescription against another joint tortfeasor, the Shell defendants; therefore, suit filed against the Shell defendants on August 26, 2002 had not prescribed[1]. Accordingly, the trial court erred in granting the Exception of Prescription.
For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED; MATTER REMANDED.
NOTES
[1] We note however, that filing suit against a party who is later found to be without liability to the plaintiff or dismissed on procedural grounds does not interrupt prescription against a solidary obligor who was not timely sued. Etienne v. National Auto. Ins. Co., 99-2610 (La.4/25/00), 759 So.2d 51.