STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CALVIN G. SEGURA, JR.

VERSUS

CLECO POWER, LLC AND JASON HEBERT

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101414-C
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

J. DAVID PAINTER
JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and J. David Painter, Judges.

**AFFIRMED.**

William Oliver Bonin
Attorney at Law
103 E. Main St.
New Iberia, LA 70560
(337) 364-5762
Counsel for: Defendant/Appellee
Cleco Power, LLC

Kenneth William Jacques
Attorney at Law
203 Carondelet St., Ste 355
New Orleans, LA 70130
(504) 524-1954
Counsel for: Plaintiff/Appellant
Calvin G. Segura, Jr.

**Louis Roy Koerner, Jr.**
**Attorney at Law**
**1204 Jackson Ave.**
**New Orleans, LA 70130-5130**
**(504) 581-9569**
**Counsel for: Plaintiff/Appellant**
**Calvin G. Segura, Jr.**

**Steven Bernard Rabalais**
**Rabalais, Hanna & Hebert**
**701 Robley Drive, #210**
**Lafayette, LA 70503**
**(337) 981-0309**
**Counsel for: Defendant/Appellee**
**Jason Hebert**

**PAINTER, J.**

Employee who was injured in an on-the-job accident filed suit against alleged third-party tortfeasors two years after the alleged date of injury. Employee asserted that his timely filing of a workers' compensation suit against his employer interrupted prescription as to the third party tortfeasors, even though said suit was dismissed several months before the filing of the tort suit. The trial court granted the defendants' exceptions of prescription based upon La.Civ.Code art. 3463. Finding no error in the trial court's ruling, we affirm.

## FACTS AND PROCEDURAL HISTORY

Calvin G. Segura, Jr. was allegedly injured on September 20, 2001 at the home of Jason Hebert in New Iberia. Segura was performing plumbing work when he alleges that he was electrocuted as a result of the drill he was using coming in contact with a copper pipe. According to Segura, he was moving the copper water line in order to drill a hole in the stud located behind the copper water line and the drill was not running at the time it touched the copper water line. He and his father had previously installed said pipe. Segura allegedly suffered a complete scapholunate ligament disruption of his right wrist.

Segura was in the course and scope of his employment with Calvin Segura Plumbing and filed a claim for workers' compensation benefits on July 24, 2002. The compensation suit was voluntarily dismissed by Plaintiff on April 14, 2003 after his employer agreed to pay medical and indemnity benefits.

Two years after the accident, on September 19, 2003, Segura filed a Petition for Damages against Cleco Power, LLC and Jason Hebert, the homeowner.

Both Cleco and Hebert filed exceptions of prescription based on the fact that the petition was not filed within one year of the accident as required by La.Civ.Code

1

art. 3492. Defendants asserted that the matter had prescribed on its face and, thus, the burden shifted to Plaintiff to show that it was not prescribed. Plaintiff alleged that it was not prescribed on its face due to the inclusion of an allegation that a workers' compensation claim was filed on July 24, 2002 against his employer and that filing interrupted prescription against any third party for the same accident.

The matter came for hearing on May 18, 2004 before the Sixteenth Judicial District Court. Frank Barber, Plaintiff's former attorney, and Plaintiff testified with respect to the discrepancies in the compensation suit and the petition now under consideration. Plaintiff testified that he met with Mr. Barber in July of 2002 and at that time, he did not know the homeowner's name. He thought it was Jason Romero but later learned it was actually Jason Hebert. Segura testified he had gotten the name from his father when he filed the compensation pleadings but admitted that his father would have billed the homeowner for the services provided and would have had the correct name. Segura further testified that the didn't know the correct date and time of the accident when he initially went to see Barber. He later obtained the real date of the accident from his doctor.

Barber testified that the compensation claim involved the same accident as the subject lawsuit. He testified that he later learned the correct name of the homeowner but did not see any reason to go back and change it in the workers' compensation filing. Barber further testified that he had no indication that Segura had more than one injury to his wrist.

On June 30, 2004, trial judge issued his written Reasons for Judgment granting the exceptions of prescription in favor of Cleco and Hebert based on La.Civ.Code art. 3463. Without expressing any opinion on the discrepancies in the two filings, the trial judge specifically stated that the Defendants did not receive notice of Segura's

2

claims until some two years after the accident occurred. Judgment granting the exceptions and dismissing Plaintiff's suit was signed July 15, 2004, and this appeal by plaintiff followed.

## DISCUSSION

This court enunciated the standard of review in an appeal on a peremptory exception in *Egle v. Egle*, 01-0927, p. 4 (La.App. 3 Cir. 2/6/02), 817 So.2d 136, 139:

> When a peremptory exception is filed prior to trial, "it shall be tried and disposed of in advance of or on the trial of the case." La.Code Civ.P. art. 929. The trial court is not bound to accept as true the plaintiff's allegations in the petition at such a trial.

"When evidence is introduced and evaluated in the trial court on a peremptory exception, the appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions." *Parker v. Buteau*, 99-519, p. 3 (La.App. 3 Cir. 10/13/99), 746 So.2d 127, 129.

When the peremptory exception of prescription is filed, the burden of proof is generally on the party pleading prescription. If, however, on the face of the pleadings it appears that prescription has run, the burden shifts to the plaintiff to prove an interruption or suspension of the prescriptive period. *Williams v. Am. Family Mut. Ins. Co.*, 520 So.2d 1082 (La.App. 3 Cir. 1987). When the plaintiff's basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists. *Younger v. Marshall Ind., Inc.*, 618 So.2d 866 (La.1993).

In the case *sub judice*, the petition was not filed until some two years after the date of the alleged accident. It is thus prescribed on its face, and the burden is on the plaintiff to prove an interruption of the applicable prescriptive period, which is one year pursuant to La.Civ.Code art. 3492.

3

Plaintiff contends that the timely filing of the workers' compensation claim interrupted prescription as to Cleco and Hebert pursuant to *Williams v. Sewerage & Water Board of New Orleans*, 611 So.2d 1383 (La.1993). Plaintiff argues that Cleco and Hebert are solidary obligors with his employer pursuant to La.Civ.Code art. 1974 and that he interrupted prescription as to Cleco and Hebert by timely filing a workers' compensation claim against his employer.

Defendants, on the other hand, contend that since the workers' compensation suit was voluntarily dismissed, prescription was not interrupted. Plaintiff counters that since the defendant in the compensation suit made a general appearance, the dismissal was not voluntary. We disagree with Plaintiff's interpretation of the law.

La.Civ.Code art. 3463 reads:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. **Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter**, or fails to prosecute the suit at the trial.

(Emphasis added.)

This article was amended by Acts 1999, No. 1263, Sec. 2 which specifically provided that the provisions of this Act shall become effective January 1, 2000 and shall apply to all actions filed on or after January 1, 2000. As this incident is alleged to have occurred on September 20, 2001 and this action was filed on September 19, 2003, the new version of La.Civ.Code art. 3463 is clearly applicable.

According to La.Civ.Code art. 3462, "Prescription is interrupted when ... [t]he obligee commences action against the obligor, in a court of competent jurisdiction and venue." Furthermore, La.Civ.Code art. 1799 provides that "the interruption of prescription against one solidary obligor is effective against all solidary obligors ...."

4

Louisiana jurisprudence holds that third- party tortfeasors and employers involved in suits arising out of the same injury/accident are solidary obligors. *See Williams* , 611 So.2d 1383, 1389 (La.1993) and *Scott v. Sears, Roebuck and Co.*, 99-0571, (La.App. 12/22/00), 778 So.2d 50. Thus, when an injured employee timely files a claim seeking workers' compensation benefits from his employer, prescription is interrupted with regard to the injured employee's claim against the third party tortfeasor.

Here, the problem is that Plaintiff's workers' compensation claim was voluntarily dismissed some five months before he filed the instant suit against Cleco and Hebert. Pursuant to La.Civ.Code art. 3463, this means that the interruption is considered never to have happened and the tort suit comes to late. Segura argues that "voluntary dismissal" has been interpreted to mean "before the defendant makes a general appearance" and that the defendant in his compensation case made a general appearance so this article is inapplicable. However, this ignores the revision of this article to include the words "at any time either before the defendant has made any appearance of record or thereafter." The line of cases cited by Plaintiff for this proposition have been legislatively overruled by the amendments to La.Civ.Code art. 3463.

Plaintiff has failed to meet his burden of proving that there was an interruption of prescription. In fact, the documents introduced by Plaintiff amply illustrate that the instant action is prescribed. While the workers' compensation claim may have been timely filed, it was voluntarily dismissed some five months before the petition was filed against Cleco and Hebert. Thus, any interruption is considered never to have happened pursuant to La.Civ.Code art. 3463, and the instant action is prescribed.

**DECREE**

5

We find that there has been no manifest error in the findings of fact by the trial court and no error of law in the trial court's application of La.Civ.Code art. 3463. Therefore, the judgment of the trial court granting Cleco's and Hebert's exceptions of prescription is affirmed with all costs of this appeal to be assessed to Plaintiff/Appellant, Calvin G. Segura, Jr.

**AFFIRMED.**