EDWARDS, Judge.
| sPlaintiffs/appellants, Robert Scott Jar-rell and Vanessa Jarrell (“Jarrell”), appeal a judgment of the district court granting an Exception of Prescription in favor of defendant/appellee, West Jefferson Medical Center (“West Jefferson”).
On October 28, 2004, Jarrell filed a petition for damages against Dr. John Steck (“Dr. Steck”) claiming that he suffered damages as a result of alleged negligence on the part of that physician on August 29, 2000. In the petition, Jarrell averred that, as a result of the medical negligence, he received new injuries and faced complications of injuries previously sustained in a helicopter accident. West Jefferson was not named in the petition. In brief, Jarrell asserts that he was visiting Dr. Steck for treatment of the helicopter accident injuries. Dr. Steck filed an Exception of Prescription, averring that the act on which the cause of action was taken occurred on August 29, 2000, and that, on August 29 2001, a complaint was filed with the Commissioner of Administration. The Medical Review Panel was continued until November 10, 2003, at which time it expired. Dr. Steck urged that, according to LSA-R.S. 40:1299.47(B)(3), ninety days after the notification to all parties of the dissolution of the medical review panel, or ninety days after the |,-¡expiration of any court-ordered extension, the suspension of the running of prescription with respect to a qualified health care provider shall cease. Therefore, Dr. Steck alleged that, since there was no additional time left on the original prescriptive period, the action had prescribed.
Jarrell originally opposed the exception on due process grounds. He filed a supplemental opposition, alleging that he was in the course and scope of his employment when he was originally injured in the helicopter incident and that Dr. Steck was solidarily liable with his employer. Jarrell filed a Supplemental and Amending Petition urging simply that Dr. Steck and his employer were jointly and solidarily liable for the damages suffered as a result of the malpractice. At the trial of the exception, and on appeal here, Jarrell urges that a timely-filed suit against his employer interrupted prescription as against all soli-dary and joint obligors.
*7 LSA-C.C. art. 3492 provides a one-year prescriptive period for delictual actions. Because Jarrell’s suit for tort damages was filed more than one year after the incident, the action had prescribed on its face. In such circumstances, the plaintiff carries the burden of proving that prescription was interrupted, suspended, or renounced.[1] When the plaintiffs basis for claiming an interruption of prescription is solidary liability between two or more parties, the plaintiff bears the burden of proving that a solidary relationship exists.[2] According to LSA-C.C. art. 3462, “Prescription is interrupted when ... the obli-gee commences action against the obligor, in a court of competent jurisdiction and venue.” Furthermore, LSA-C.C. art. 1799 provides that “[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors.... ” Louisiana jurisprudence holds that third-party tortfeasors and employers involved in suits arising out of the |4same injury/accident are solidary obligors.[3] “Thus, when an injured employee timely files a claim seeking workers’ compensation benefits from his employer, prescription is interrupted with regard to the injured employee’s claim against the third party tortfea-sor.”[4]
To establish solidary liability in this case, Jarrell must show that at least some of the injuries he suffered in his helicopter work-related accident were complicated by, aggravated by, or otherwise related to, the actions of Dr. Steck. The first issue has been at least partially alleged and, in the absence of any evidence on this question, may be taken as true for purposes of the current exception.
Here, the only evidence introduced was attached to the Exception of Prescription filed by Dr. Steck and consisted of letters and a document extending the Medical Review Panel. Nowhere in the record on appeal are there any pleadings, documents, etc., evidencing Jarrell’s suit against his employers, or its status at the time the malpractice suit was filed. To defeat prescription, Jarrell must show not only the relationship of the malpractice injuries to any injuries suffered in the helicopter accident, but he must also show that the compensation suit to which he seeks to attach was timely filed. On the appellate record, we are unable to establish that fact. Further, we are unable to determine the status of the compensation lawsuit at the time the malpractice action was filed. “With regard to actions in tort, interruption generally occurs with the filing of a suit in a court of I ¡¡competent jurisdiction and venue and an action remains interrupted while the suit is pending.” [5] See, LSA-C.C. arts. 3462 and 3463.
Jarrell did not carry his burden of proof in the trial on the exceptions. For these reasons, we affirm the judgment of the trial court granting prescription. However, because we find that facts exist which may be sufficient to overcome prescription, we hold that Jarrell should be given the *8 opportunity to amend his petition to allege those facts. Accordingly, we remand for the district court to amend the judgment to allow Jarrell to amend his petition within a specified period of time. If he fails to so amend the petition, the claim should be dismissed. If he amends his petition and alleges new facts, the district court should consider anew the exception of prescription.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

DALEY, J., dissents with reasons.

. Gary v. Camden Fire Ins. Co., 96-0055 (La.7/2/96), 676 So.2d 553.

. Younger v. Marshall Ind., Inc., 618 So.2d 866 (La.1993).

. Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La.1993).

. See, e.g., Segura v. Cleco Power, LLC, 2004-1368 (La.App. 3 Cir. 3/2/05), 900 So.2d 897, 900, writs denied, 2005-1660 (La.1/9/06), 918 So.2d 1051.

.Bell v. Kreider, 03-300 (La.App. 5 Cir. 9/16/03), 858 So.2d 58, 63, writ denied, 2003-2875 (La.1/9/04), 862 So.2d 986 (emphasis supplied). See also, McGuire v. Envtl. Monitoring Serv., Inc., 03-497 (La.App. 5 Cir. 9/30/03), 865 So.2d 759.