907 So.2d 807 (2005)
Debbie L. PYLANT
v.
JEFFERSON PARISH, STATE OF LOUISIANA, DEPARTMENT OF HEALTH AND HOSPITALS.
No. 05-CA-148.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 2005.
David Band, New Orleans, Louisiana, for Plaintiff/Appellant.
S. Jacob Braud, Connick & Connick L.L.C., Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and MARION F. EDWARDS.
THOMAS F. DALEY, Judge.
The plaintiff, Debbie Pylant, has appealed the trial court's grant of the defendant's Motion for Involuntary Dismissal. For the reasons that follow, we affirm.

FACTS:
According to plaintiff's Petition for Damages, on September 20, 2002 she tripped and fell in a hole while visiting the East Jefferson Health Unit. On June 2, 2003, she filed suit against the Parish of Jefferson and the State Department of Health and Hospitals alleging she was injured in this incident. She requested service as follows:
 Jefferson Parish
 Jefferson Parish East Bank Health Unit
 111 N. Causeway Blvd
 Metairie, LA 70001
The record contains a return on service dated June 5, 2003 stating that service was not made because the building was empty. *808 On August 1, 2003, plaintiff's attorney wrote a letter to the Deputy Clerk of the division in which the suit was allotted stating that the building was not empty, it was merely under construction. He requested service be made in the front of the building not on the side of the building. These instructions were printed on the citation form. The form states that on August 5, 2003 service was not made because "not at this address per vacant (moved)". Plaintiff's attorney then had a private process server appointed. On December 8, 2003, he wrote a letter to the Deputy Clerk of the division to which this suit was allotted including a return on service dated December 5, 2003 made by the private process server. This citation states that Mary Triggs was served at the Jefferson Parish East Bank Health Unit. On January 23, 2004, plaintiff's attorney wrote a letter to the Deputy Clerk of the division to which this suit was allotted requesting service be made on the defendant Parish of Jefferson through the Parish Attorney Thomas Wilkinson. The Parish was served through its attorney on February 4, 2004.
On April 12, 2004, the Parish filed a Motion for Involuntary Dismissal claiming that the plaintiff failed to timely request service as required by R.S. 13:5107(D). This statute requires that in a suit against the state, a state agency, or political subdivision, service shall be requested within 90 days of filing suit. The statute states that in a suit filed against a political subdivision when there is no designated agent for service of process, service may be made on the district attorney or parish attorney. Plaintiff filed an opposition to the motion arguing that service was timely requested, but plaintiff had difficulty serving the Health Unit. Plaintiff argued that there was good cause because she made three attempts to effectuate service and was not notified of the improper service, nor was any reason given for the failed service. The trial court granted the Parish's motion stating the time delays had run and the statute is clear as to who could have received service. This timely appeal followed.

LAW AND DISCUSSION:
R.S. 13:5107 provides in pertinent part:
B. In all suits filed against a political subdivision of the state, or any of its departments, offices, boards, commissions, agencies or instrumentalities, citation and service may be obtained on any proper agent or agents designated by the local governing authority and in accordance with the laws of the state provided that the authority has filed notice of the designation of agent for service of process with and paid a fee of ten dollars to the secretary of state, who shall maintain such information with the information on agents for service of process for corporations. If no agent or agents are designated for service of process, as shown by the lack of such designation in the records of the secretary of state, citation and service may be obtained on the district attorney, parish attorney, city attorney, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of the state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
...
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement *809 of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
Code of Civil Procedure article 1672(C) states:
C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C), upon contradictory motion of that person or any party or upon the court's own motion, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
On appeal, the trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. Johnson v. Brown, XXXX-XXXX (La.App. 4 Cir. 6/25/03), 851 So.2d 319.
In Barnett v. Louisiana State University Medical Center-Shreveport, 2002-2576 (La.2/7/03), 841 So.2d 725, the plaintiff's attorney was notified shortly after filing suit that service was requested on an incorrect agent for the defendant. The plaintiff waited until more than 90 days after receiving this notification to serve the correct agent. The Supreme Court reversed the trial court's denial of defendant's Motion for Involuntary Dismissal finding that the plaintiff could have discovered the proper agent with minimal effort since R.S. 13:5107 explicitly explains service on a state agency. The Court held that in this instance dismissal without prejudice was required by C.C.P. art. 1672.
Plaintiff argues that Barnett is distinguishable from the case at bar in that in Barnett the plaintiff was informed in writing that service that made on the incorrect agent ten days after suit was filed, while in the present case, plaintiff was not notified of improper service and three attempts were made at service. We find this argument to be without merit. As stated by the trial court, R.S. 13:5105 clearly states the process for service on a political subdivision of the state.
In Thomas v. La. Dept. of Public Safety and Corrections, XXXX-XXXX (La.App. 1 Cir. 3/28/03), 848 So.2d 635, the plaintiff was allegedly injured while riding in a van owned by Dixon Correctional Institute and driven by an employee of the institute. He filed suit against Dixon Correctional Institute and the Department of Public Safety and Corrections and requested service on the Department of Public Safety and Corrections and Dixon Correctional Institute through the Secretary of State. The Secretary of State was not the proper agent for service of process for either defendant. The Secretary of State refused service, but plaintiff's attorney received a post card from the clerk of court stating that the "[s]tate of La." had been served. Eighteen months after filing suit, plaintiff requested service on the appropriate agent. The Court of Appeal affirmed the trial court's dismissal of plaintiff's suit for failure to timely request service under R.S. 13:5107(D) finding that the request for service of process upon the wrong agent for service of process is not a valid and effective *810 request. The court held that in order to satisfy the requirements of R.S. 13:5107(D) the request for service of process must me made within 90 days and must name the proper party or agent for service of process.
In the case at bar, a request for service of process on the correct agent was not made within 90 days of filing suit. R.S. 13:5107 clearly states that in a suit against a political subdivision of the state, when an agent for service of process is not designated, service may be made on the parish attorney or the district attorney. Plaintiff in this case filed suit against Jefferson Parish and did not request service on the district attorney or the parish attorney. Instead, plaintiff requested service on a building and did not even identify the name of a person at the building to be served. C.C.P. art. 1672 requires defendant's Motion for Involuntary Dismissal be granted when service was not requested on the proper agent within 90 days of filing suit. We see no manifest error in the trial court's grant of the defendant's Motion for Involuntary Dismissal.
Additionally, plaintiff argues the filing of a supplemental and amending petition to bring an action for injuries to plaintiff's unborn child renders the issue of service of the original petition moot. We disagree. The filing of an amending petition does not cure the failure to timely request proper service of the original petition. See, McGuire v. Environmental Monitoring Service, Inc., 03-497 (La.App. 5 Cir. 9/30/03), 865 So.2d 759.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.