JOY COSSICH LOBRANO, Judge.
| TPIaintiff, Roberto Llopis, D.D.S., appeals the September 10, 2012 trial court judgment granting a motion for involuntary dismissal and an exception of insufficiency of service of process filed by defendants, C. Barry Ogden, Brian M. Begue, Louisiana State Board of Dentistry and State of Louisiana, Department of Health and Hospitals/Louisiana State Board of Dentistry.[1] The judgment dismissed plaintiffs case against defendants without prejudice. For reasons that follow, we reverse the trial court judgment and remand this matter for further proceedings.
On October 31, 2011, Dr. Llopis filed a petition for damages, naming as defendants Louisiana State Board of Dentistry, certain individual members of the Board, and the Board’s executive director, co-executive director and attorney. This lawsuit involves damages allegedly suffered by Dr. Llopis when he applied for a restricted license with the Board in 2010, after having voluntarily surrendered |2his license to practice dentistry in Louisiana in 2006. Dr. Llopis requested that the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana, “PLEASE HOLD SERVICE” at the time of filing.
On January 25, 2012, Dr. Llopis filed a first amended petition for damages, which named as a defendant the “State of Louisiana, Department of Health & Hospitals/The Louisiana State Board of Dentistry”, and entirely restated the allegations and wording in the original petition. At this time, Dr. Llopis requested that service of citation be made on the defendants.
Defendants filed declinatory exceptions of insufficiency of service of process and lis pendens, a dilatory exception of vagueness or ambiguity, a peremptory exception of no cause of action, and a motion for involuntary dismissal. Dr. Llopis opposed the exceptions and motion. Following a hearing on May 24, 2012, the trial court granted defendants’ motion for involuntary dismissal and exception of insufficiency of service of process, and dismissed Dr. Llo-pis’ cause of action without prejudice. The trial court denied the remaining exceptions. This appeal followed.
On appeal, Dr. Llopis argues that the trial court committed legal error in considering the incorrect statute when determining whether to grant or deny defendants’ motion for involuntary dismissal and exception of insufficiency of service of process. Alternatively, Dr. Llopis argues that the trial court’s judgment was manifestly erroneous.
The following statute and code articles are applicable in this case:
|sLa. R.S. 13:5107(D) provides:
D. (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named *1213 as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.
(3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.
La. C.C.P. article 1672(C) provides:
A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 8955 upon the sustaining of a declina-tory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.
La. C.C.P. article 1201(C) provides:
Service of the citation shall be requested on all named defendants within ninety days of commencement |4of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing. The defendant may expressly waive the requirements of this Paragraph by any written waiver. The requirement provided by this Paragraph shall be expressly waived by a defendant unless the defendant files, in accordance with the provisions of Article 928, a declinato-ry exception of insufficiency of service of process specifically alleging the failure to timely request service of citation.
In support of its judgment granting the defendants’ exception of insufficiency of service of process and the motion for involuntary dismissal of Dr. Llopis’ claims, the trial court issued written reasons for judgment. In its reasons, the trial court found that dismissal of Dr. Llopis’ action was warranted because Dr. Llopis failed to request service of the original petition within 90 days of its filing. However, when discussing La. R.S. 13:5107 and La. C.C.P. articles 1201 and 1672, the trial court included the following statement: “Further complicating matters was the amendment of La. R.S. 13:5107(A), which took effect June 12, 2012 and to which neither of the parties have briefed.” The trial court then set forth the amended version of La. R.S. 13:5107(A).
As Dr. Llopis correctly states, the amended version of La. R.S. 13:5107(A) did not become effective until after the *1214 hearing on defendants’ exceptions and motion for involuntary dismissal. While we are mindful of the fact that reasons for judgment are not controlling and do not constitute the judgment of the court,[2] we find that the trial court’s references to the June 2012 amendment of La. R.S. |fi13:5107(A) were improper because this amendment was not applicable to this case. However, we agree with the defendants that the trial court’s reference to the amended version of La. R.S. 13:5107(A) in its reasons did not establish that the trial court considered the wrong statute in deciding this case. We reach this conclusion because the trial court never referred to La. R.S. 13:5107(A) again in its reasons after the initial mention, the reasons included the applicable statute and code articles, and the reasons read in their entirety do not indicate that the trial court relied on the June 2012 amended version of La. R.S. 13:5107(A) in reaching its judgment. Therefore, we find no merit in Dr. Llopis’ argument that the trial court committed legal error in considering the incorrect statute when determining whether to grant or deny defendants’ motion for involuntary dismissal and exception of insufficiency of service of process.
As for Dr. Llopis’ alternative argument that the trial court erred in granting the defendants’ exception of insufficiency of service of process and motion for involuntary dismissal, we find that this argument has merit. The trial court dismissed Dr. Llopis’ cause of action based on his failure to timely request service of his original petition. The standard of review of a trial court’s judgment dismissing an action for failure to timely request service is manifest error. Johnson v. Brown, 03-0679, p. 2 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322.
The record shows that on October 31, 2011, Dr. Llopis filed his original petition and held service on the defendants, prior to the filing of defendants’ exceptions and motion. However, he did request service on the defendants in his |fifirst amended petition, which was filed on January 25, 2012, within ninety days of commencement of the action. The service instructions on the first amended petition included a request that the State of Louisiana be served through the Louisiana Attorney General, its authorized agent. The citations for service were issued by the Clerk of Court for Civil District Court of the Parish of Orleans on January 26, 2012.
Regarding the ninety-day notice requirements, this Court has noted that “[t]he purpose of requiring that service be requested within ninety days of the suit’s commencement is to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced.” Anderson v. Norfolk Southern Railway Company, 02-230, p. 4 (La.App. 4 Cir. 3/27/02), 814 So.2d 659, 661, citing Hugh Eymard Towing, Inc. v. Aeroquip Corp., 00-131, p. 3 (La.App. 5 Cir. 6/27/00), 776 So.2d 472, 473; see also Morgan v. Investment Cars Unlimited, Inc., 37,052, p. 5 (La.App. 2 Cir. 4/9/03), 843 So.2d 580, 583. In this case, the request for service on January 25, 2012, on all defendants, including the State through its authorized agent, was made within ninety days of the commencement of the action, and the first amended petition which was served on all defendants included all of the allegations and language set forth in the original petition. The amended petition named the State of Louisiana through the Department of Health & Hospitals/the Louisiana *1215 State Board of Dentistry whereas the original petition named the Louisiana Board of Dentistry but not through the Department of Health & Hospitals. Request for service of process on the correct agent was made within |7ninety days of filing suit.[3] The defendants received notice of the suit within a reasonable time after it had been commenced.[4]
Considering the harsh consequence of dismissal and the policy favoring maintaining actions,[5] and the fact that Dr. Llopis requested service on the defendants within ninety days of filing suit, we find that under the particular circumstances of this case, the trial court erred in granting the defendants’ exception of insufficiency of service of process and motion for involuntary dismissal. Service of citation was properly requested as contemplated by La. R.S. 13:5107(D) and La. C.C.P. art. 1201(C).
For the reasons stated above, the trial court judgment is reversed. This case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. In addition to these defendants, the original petition and first amended petition also named as defendants Peyton Burkhalter, Dr. Rommel Madison and Dr. David Melancon. However, those three defendants were not parties to the exceptions or motion that are the subject of this appeal. Accordingly, the term "defendants” in this opinion does not include those three defendants.

. Kaufman v. Adrian’s Tree Service, Inc., 00-2381, p. 3 (La.App. 4 Cir. 10/31/01), 800 So.2d 1102, 1104.

. This case is distinguishable from the Fifth Circuit case of Pylant v. Jefferson Parish, State of Louisiana, Department of Health and Hospitals, 05-148 (La.App. 5 Cir. 6/28/05), 907 So.2d 807, in which a request for service of process on the correct agent was not made within ninety days of filing suit. This case is also distinguishable from the Fifth Circuit case of McGuire v. Environmental Monitoring Service, Inc., 03-497 (La.App. 5 Cir. 9/30/03), 865 So.2d 759, in which the amended petition was filed more than ninety days after the filing of the original petition.

. The sheriff's returns show the following: (1) service was made on Brian Begue on February 1, 2012, through a legal secretary; (2) service was made on Barry Ogden and the Louisiana State Board of Dentistry on February 1, 2012, through Peyton B. Burkhalter, Executive Director; and (3) service was made on the State Department of Health and Hospitals on its legal department on February 6, 2012.

. See Whitley v. State ex rel. Bd. of Sup’rs of Louisiana State University Agr. Mechanical College, 11-40, pp. 12-13 (La.7/1/11), 66 So.3d 470, 478 (where the court held that if the legislature’s word choice makes an article susceptible to two possible constructions, the statute should be construed in favor of maintaining a claim).