Judge Tiffany G. Chase
Rose and Melvin George, (hereinafter "plaintiffs"), seek review of the trial court's October 1, 2018 judgment sustaining the Board of Supervisors of Southern University and Agricultural and Mechanical College's, (hereinafter "Board of Supervisors"), exception of insufficiency of service of process. After consideration of the record before this court and the applicable law, we reverse the decision of the trial court sustaining the exception of insufficiency of service of process.
FACTS AND PROCEDURAL HISTORY
The underlying claim in this matter involves injuries plaintiff Rose George allegedly suffered as a result of fainting while inside a facility located on the campus of Southern University New Orleans on June 25, 2016. Plaintiffs filed a petition for damages on May 2, 2017, naming Southern University New Orleans and ABC Insurance Company as defendants. Plaintiffs contemporaneously requested service on Southern University New Orleans, at its principle place of business, through the Chancellor's Office. Southern University New Orleans was served with the original petition for damages on May 15, 2017.
On January 24, 2018, plaintiffs filed a request for leave to file a first amended and supplemental petition for damages, which was granted by the trial court on February 1, 2018. Plaintiffs sought to add, as defendants to the litigation, the Board of Supervisors of Southern University and Agricultural and Mechanical College; State of Louisiana; and Southern University System. On the same date, service of the original and first amended and supplemental petitions for damages was requested on (1) the Board of Supervisors, Southern University and Agricultural and Mechanical College, through the Office of the Attorney General (service effectuated on February 2, 2018); (2) Southern University System Office of the Chancellor, through the Office of the Attorney General (service effectuated on February 2, 2018); (3) Office of the Chancellor, Southern University New Orleans (service effectuated on February 20, 2018); (4) State of Louisiana Office of Risk Management (service effectuated *1291 on February 8, 2018[1] ); and (5) State of Louisiana Office of the Attorney General (service effectuated on February 5, 2018).
The Board of Supervisors filed an exception of insufficiency of service of process on December 14, 2017.[2] A hearing on the exception was held on August 10, 2018, and by judgment dated October 1, 2018, the trial court sustained the Board of Supervisors' exception dismissing plaintiffs' case without prejudice. The judgment was designated a final judgment and this appeal followed.
DISCUSSION
Plaintiffs present the following assignments of error: (1) the trial court erred in granting the Board of Supervisors' exception of insufficiency of service of process and (2) the trial court erred in dismissing their case rather than allowing an opportunity to cure the service defect.
A trial court's judgment dismissing a matter for failure to timely request service is reviewed under a manifest error standard of review. Llopis v. Louisiana State Bd. of Dentistry , 2013-0659, p. 5 (La.App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214.
Plaintiffs acknowledge that service upon the Attorney General, Office of Risk Management and Board of Supervisors was requested more than 90-days after the filing of the original petition for damages. However, they argue the trial court erred in granting defendant's exception of insufficiency of service of process because service on the primary defendant, Southern University New Orleans, was requested through the Chancellor's Office within 90-days of commencement of the action. Plaintiffs also maintain that service was requested on the Attorney General, Office of Risk Management and Board of Supervisors within 90-days of filing the amended and supplemental petition for damages and thus, the subsequent service request sufficiently satisfied La. R.S. 13:5107.
Conversely, the Board of Supervisors maintain that service must be requested upon the State of Louisiana, through the Board of Supervisors, since Southern University New Orleans is managed by the Board of Supervisors and is not an entity with the power to sue or be sued. As such, the Board of Supervisors argues, service of the original petition for damages on the Chancellor's Office was insufficient. The Board of Supervisors also contends that the subsequent service requested when the amended and supplemental petition for damages was filed was untimely because service was not requested on the State of Louisiana in the original petition for damages.
The trial court found that plaintiffs had not properly requested service within 90-days of filing the original petition for damages. It also found that the service request in the amended and supplemental petition for damages did not satisfy the requirements of La. R.S. 13:5107.
The applicability of the 90-days service request period is contingent upon whether the State of Louisiana is properly named as a defendant in the original petition for damages. Thus, this Court must first address that threshold issue before determining if dismissal of the action, based on *1292 insufficiency of service of process, was proper.
Our analysis begins with the consideration of the applicable statutory authorities. Under La. R.S. 39:1538(D) :
In actions brought pursuant to this Section, process shall be served upon the head of the department concerned, the office of risk management, and the attorney general, as well as any others required by R.S. 13:5107....
La. R.S. 13:5107 provides, in pertinent part,:
(A)(1) In all suits filed against the State of Louisiana or a state agency, citation and service may be obtained by citation and service on the attorney general of Louisiana, or any employee in his office above the age of sixteen years, or any other proper officer or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and in accordance with the laws of this state, and on the department, board, commission, or agency head or person, depending upon the identity of the named defendant and the identity of the named board, commission, department, agency, or officer through which or through whom suit is to be filed against.
(2) Service shall be requested upon the attorney general within ninety days of filing suit....
* * * *
(D)(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party....
(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision....
In the case sub judice , the original petition for damages names the following defendant: "Southern University New Orleans ("SUNO") made a party defendant herein, is a non-profit corporation authorized to do and doing business in the State of Louisiana...." Plaintiffs did not name the State of Louisiana, or a state agency, as a party in the original petition for damages. La. R.S. 13:5107(D)(1) requires that service of process be requested within 90-days of the commencement of the action or filing of the supplemental or amended petition for damages when the state is initially named as a party. However, because the State of Louisiana was not a named party in the original petition for damages, plaintiffs had no obligation to request service upon the State of Louisiana within the statutory period of La. R.S. 13:5107.
Additionally, plaintiffs did not request service upon the State of Louisiana in their original petition for damages. Rather, service was requested on Southern University New Orleans Chancellor's Office. "The requirement that service upon defendant be requested within the 90-days period should reasonably be read to require an accurate request of service upon the proper agent for defendant." Barnett v. Louisiana State Univ. Med. Ctr.-Shreveport , 2002-2576, p. 2 (La. 2/7/03), 841 So.2d 725, 726. By requesting service upon Southern University New Orleans *1293 through the Chancellor's Office, in the original petition for damages, plaintiffs' service request was not directed toward the proper agent.
The 90-days period is not applicable because the State was not a named defendant. Additionally, the service request on Southern University New Orleans' Chancellor's Office is insufficient to prompt dismissal of plaintiffs' action for failure to request service within 90-days of filing the original petition for damages. Therefore, dismissal of plaintiffs' action was not warranted and the trial court erred in sustaining the Board of Supervisors exception of insufficiency of service of process.
As it pertains to the service requested in plaintiffs' amended and supplemental petition for damages, it is undisputed that service was requested on the Attorney General, Office of Risk Management and Board of Supervisors beyond 90-days of filing the original petition for damages. However, having determined that the State of Louisiana was not initially a named defendant in the original petition for damages, we pretermit further discussion of the service requested in plaintiffs' amended and supplemental petition for damages.
CONCLUSION
The initial service request on Southern University New Orleans' Chancellor's Office was insufficient to warrant dismissal of plaintiffs' action pursuant to La. R.S. 13:5107, where the State of Louisiana was not initially a named defendant in the original petition for damages. Since the State of Louisiana was not a named defendant, the 90-days service request period was not activated when plaintiffs filed the original petition for damages. Considering the foregoing, we find the trial court erred in sustaining the Board of Supervisors' exception of insufficiency of service of process. Accordingly, the judgment of the trial court is reversed and the matter remanded for further proceedings.
REVERSED AND REMANDED

The Office of Risk Management was also served on March 7, 2018, at its New Orleans, Louisiana office.

The Board of Supervisors also filed exceptions of lack of procedural capacity, vagueness and ambiguity, nonconformity to La. C.C.P. art. 891 and no cause of action. The trial court deemed the remaining exceptions moot in light of granting the exception of insufficiency of service of process.