DOMINIQUE MACQUET * NO. 2019-CA-1093

VERSUS * COURT OF APPEAL

AMANDA WESTBAY * FOURTH CIRCUIT

* STATE OF LOUISIANA

*

*
* * * * * * *

EAL

**LOMBARD, J. DISSENTS WITH REASONS,**

The decision in this matter is one within a trial court's discretion and can only be reversed for "manifest error." *See Llopis v. Louisiana State Bd. of Dentistry,* 2013-0659, p. 5 (La. App. 4 Cir. 6/11/14), 143 So. 3d 1211, 1214 (citation omitted).

The plaintiff filed this lawsuit for libel, slander, and defamation on January 24, 2019, after reading a comment to an article published on NOLA.com. He named Amanda Westbay, the commentator's signatory name, as defendant but withheld service. Pursuant to a subpoena *duces tecum* served on NOLA.com seeking production by January 28, 2019, of pertinent data related to the source of the comment, the plaintiff confirmed that the comment was posted from an email account belonging to the minor daughter of his former wife, Wendy Deben. Nonetheless, instead of timely amending his petition to name Ms. Deben as the defendant and move the case forward in a timely manner, the plaintiff waited until April 16, 2019, more than ninety-two days after his original petition was filed, to file an amending and supplemental petition naming Ms. Deben as defendant. Two

weeks later, on April 29, 2019, (105 days after commencement of the action), service was requested on Ms. Deben.

As a matter of judicial efficiency, lawsuits need to move forward and the court rules provide a framework to aid trial courts in this process. The pertinent rules in this case, La. Code Civ. Proc. arts. 1201(C) and 1672(C), require service on the defendant be requested within 90 days of filing the petition and, upon a contradictory motion, judgment of dismissal without prejudice is appropriate when the plaintiff fails to request timely service unless good cause is shown why service could not be requested.

In this case, the plaintiff made no request for service within ninety days of commencement of the action, nor does he argue that he had good cause for failing to do so. Rather, the plaintiff insists that the rule is not applicable (and the majority agrees) because he filed an amended and supplemental petition after the ninety day period had expired and that allowed him an additional ninety days (from the day of filing) to request service. There is, however, no clear statutory or precedential authority to support this argument and, until today, no court has ever interpreted the rules and case law to reach this conclusion. Thus, viewing the district court judgment under the standard of review applicable in this case, manifest error, rather than the *de novo* standard implicitly relied upon in the majority opinion, I respectfully dissent. The dismissal of the lawsuit without prejudice is not a harsh sanction denying the plaintiff his day in court but, rather, an appropriate sanction for his failure to abide by the court rules; the majority's decision in this case serves to circumscribe a trial court's traditional discretionary authority the efficient management of its docket.