DOMINIQUE MACQUET      *      NO. 2019-CA-1093

VERSUS      *

             COURT OF APPEAL

AMANDA WESTBAY      *

             FOURTH CIRCUIT

     *

             STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-00466, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Chief Judge James F. McKay, III, Judge Edwin A. Lombard,
Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Dale N. Atkins)

**LOMBARD, J., DISSENTS WITH REASONS**

Richard H. Barker, IV
601 Poydras Street, Suite 2345
New Orleans, LA 70130


     COUNSEL FOR PLAINTIFF/APPELLANT


Richard G. Perque
LAW OFFICES OF RICHARD G. PERQUE, LLC
700 Camp Street
New Orleans, LA 70130


     COUNSEL FOR DEFENDANT/APPELLEE


            **REVERSED AND REMANDED**

            **JULY 15, 2020**

Dominique Macquet appeals the trial court's judgment dismissing his lawsuit for failure to timely request service. For the reasons that follow, the trial court's ruling is reversed and the matter is remanded for further proceedings.

### *Facts and Procedural History*

On January 14, 2019, this lawsuit was filed after offensive comments were published about Mr. Macquet in response to a NOLA.com article. Mr. Macquet asserted claims of libel, slander, and defamation against NOLA.com commenter, Amanda Westbay. At the time of filing, believing Amanda Westbay may be a fictitious name, service was withheld. Once the lawsuit was filed, Mr. Macquet served NOLA.com with a subpoena *duces tecum* seeking electronic data and identification information for Amanda Westbay. The information gathered from NOLA.com indicated that the comments posted under the name Amanda Westbay originated from an email account belonging to Wendy Deben's minor daughter. Ms. Deben is Mr. Macquet's ex-wife. Thereafter, on April 16, 2019, Mr. Macquet filed an amending and supplemental petition naming Ms. Deben as a defendant. On April 29, 2019, service was requested on Ms. Deben.

1

In response, Ms. Deben filed a motion to dismiss and declinatory exception of insufficiency of service of process, arguing that because the original petition was not served on a defendant within ninety days of its filing the petition had to be dismissed. The trial court sustained the exception and this appeal followed.

### *Standard of Review*

Appellate courts review a dismissal of an action for failure to timely request service under a manifest error standard. *Llopis v. Louisiana State Bd. Of Dentistry*, 2013-0659, p. 5 (La.App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214 (citing *Johnson v. Brown*, 03-0679, p. 2 (La.App. 4 Cir. 6/25/03). 851 So.2d 319, 322.).

### *Discussion*

On appeal, Mr. Macquet argues that the trial court erred when it dismissed his action based on his failure to timely request service of his original petition.

La. C.C.P. art 1201(C) provides the general rules regarding timely service of citation. The statute states in pertinent part:

> Service of citation shall be requested on all named defendants within ninety days of commencement of the action. ***When a supplemental or amended petition is filed naming any additional defendant, service of citation shall be requested within ninety days of its filing.***

La. C.C.P. art 1201(C). (emphasis added).

It is well established that "[t]he purpose of requiring that service be requested within ninety days of the suit's commencement is to insure that the defendant receives notice of the suit within a reasonable time after it has been commenced." *Llopis*, 2013-0659, p. 6, 143 So.3d at 1214. (citations omitted). In this case, service of citation was withheld on Amanda Westbay, the defendant named in the original petition. Then, Mr. Macquet filed a supplemental and amending petition naming an additional defendant, Wendy Deben. Ms. Deben was served with the

2

original and the supplemental and amended petition within ninety days of being named as a defendant in accordance with La. C.C.P. art. 1201(C). Accordingly, service on Ms. Deben was timely.

Further, La. C.C.P. art. 1672(C) allows for the defendant and/or "any other party" to request a dismissal without prejudice when the plaintiff fails to request service on a named defendant in a timely manner. The specific statutory language provides:

> A judgment dismissing an action without prejudice shall be rendered *as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C)* or 3955 upon the sustaining of a declinatory exception filed by such defendant…

La.C.C.P. art. 1672(C). (emphasis added). The language of article 1672(C) is clear and unambiguous. The consequences for untimely service (dismissal without prejudice) is defendant specific. In this case, any motion for involuntary dismissal for untimely service of citation would only have effect as to the action against Amanda Westbay, who was not served in accordance with La. C.C.P. art. 1201(C).

For these reasons, it was manifestly erroneous for the trial court to dismiss Dominique Macquet's lawsuit. Accordingly, the trial court's judgment is reversed, and the matter is remanded for further proceedings.

**REVERSED AND REMANDED**