Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,290-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| STARNESHEUA L. WHITE PERSONALLY AND ON BEHALF OF MINIOR CHILD, TRAMYAH WHITE | Plaintiffs-Appellants |

versus

| | |
|---|---|
| MOREHOUSE PARISH SCHOOL BOARD AN INCORPORATED BODY THROUGH DEBBIE WILSON, IN HER OFFICIAL CAPACITY AS PRESIDENT; AND DAVID GRAY IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT; MOREHOUSE PARISH SCHOOL BOARD MEMBERS, KAREN DIEL, LOUIS MELTON, TAB WILKERSON, RICK HIXON, VERONICA TAPPIN, AND ADRIN WILLIAMS; LETHA L. HECKFORD, IN HER OFFICIAL CAPACITY AS A MOREHOUSE ELEMENTARY SCHOOL TEACHER | Defendants-Appellees |

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2023-353

Honorable Walter M. Caldwell, IV, Judge

* * * * *

SMITH & NWOKORIE                    Counsel for Appellants
By:  Brian G. Smith

RANKIN, YELDELL & KATZ, APLC        Counsel for Appellees
By:  Stephen J. Katz

* * * * *

Before STEPHENS, THOMPSON, and HUNTER, JJ.

**STEPHENS, J.**,

This action arises from the Fourth Judicial District Court, Parish of Morehouse, the Honorable Walter M. Caldwell, IV, Judge, presiding. One of the defendants, David Gray, filed exceptions of vagueness, no cause of action, and nonjoinder of a party in response to the petition for damages filed by the plaintiffs. The remaining defendants filed a declinatory exception of insufficiency of service of process as well as a motion for involuntary dismissal. Following a hearing on the above exceptions and motions, the trial court rendered a judgment granting the exception of no cause of action and one granting the exception of insufficient service and motion for involuntary dismissal. Plaintiffs have appealed from the adverse judgments. For the following reasons, we affirm the judgments of the trial court.

## FACTS AND PROCEDURAL HISTORY

On September 14, 2023, Starnesheua White ("Ms. White") filed a petition individually and on behalf of her minor child T.W., a student at Morehouse Parish Elementary School in Bastrop, Louisiana, alleging that one of the defendants, Letha Heckford ("Ms. Heckford"), an employee at the school, committed an assault and battery on her minor child in the classroom. Ms. White also named the following parties as defendants: David Gray, Morehouse Parish School Board Superintendent, and School Board Members Karen Diel, Louis Melton, Tab Wilkerson, Rick Hixon, Debbie Wilson, Veronica Tappin, and Adrin Williams ("the defendants").[1]

---

[1] A petition was filed previously with docket number 2022-507. This petition was dismissed without prejudice for failure to request service on the defendants. The plaintiffs refiled the petition on the same day as the dismissal, and this second pleading was assigned docket number 2023-353, which is the appeal before this Court.

In her petition, Ms. White asserted that the defendants are responsible for the acts of Ms. Heckford under the theory of *respondeat superior*. Although each of the defendants was named in the petition, Ms. White requested service only on David Gray. On October 10, 2023, Gray filed three exceptions: vagueness, no cause of action, and nonjoinder of a party. In his memorandum, he argued that the petition was too vague, general, and indefinite as to (1) the date of the alleged incident between the minor child and Ms. Heckford; (2) the allegations of an assault and battery; and (3) the "criminal act" or "crimes" referenced but not specifically stated throughout the petition. Gray also claimed that the petition failed to establish why Ms. White is the proper person to assert the action, considering she did not allege either to be a biological parent who has parental authority over the minor childor that she is the tutrix of the minor child. Furthermore, in support of his exception of no cause of action, Gray explained that the petition failed to point to any specific act or inaction he may or may not have taken.

On February 5, 2024, the remaining defendants (excluding David Gray) filed an exception of insufficiency of service of process and a motion for involuntary dismissal for failure to request service of citation on them. The defendants urged that service of citation was not requested on them within 90 days of the commencement of the action in compliance with La. C.C.P. art. 1201(C). Given Ms. White's failure to properly request service of citation on them, the defendants sought involuntary dismissal of the plaintiffs' petition.

The trial court held a hearing on the exceptions and the motion for involuntary dismissal on May 14, 2024. On that same day, the trial court found that the exception of no cause of action could not be cured with an

amendment; therefore, the trial court rendered judgment granting the exception and dismissed the matter with prejudice as to Gray. The trial court found that the exceptions of vagueness and nonjoinder of party were moot as a result of its ruling on the exception of no cause of action. As it pertained to the remaining defendants, the trial court rendered a separate judgment granting both the exception of insufficiency of service of process and the motion for involuntary dismissal. However, this dismissal was without prejudice as it related to these defendants. The plaintiffs filed the instant appeal.[2]

## DISCUSSION

*No Cause of Action*

Ms. White asserts that the trial court erred in granting Gray's exception of no cause of action. In support, she argues that Gray knew of Ms. Heckford's actions and failed to take steps regarding those actions as is required by the School Board's own policy. Ms. White contends that Gray refused to respond to the incident between the minor child and Ms. Heckford. She maintains that the plaintiffs addressed this issue in the petition in their allegations that Gray failed to address the attack and injuries, failed to take steps to assist the minor child with her injuries or allow medical aid by the school nurse, failed to notify the parents about the incident, and failed to make a report about the incident.

In response, Gray urges that the trial court properly dismissed all claims against him. He asserts that the petition did not contain a paragraph

---

[2] The following associated cases were filed in this Court: *Kennedy v. Morehouse Parish School Bd.*, 56,267 (La. App. 2 Cir. 5/21/25) and *Robinson v. Morehouse Parish School Bd.*, 56,289 (La. App. 2 Cir. 5/21/25).

alleging any act or inaction he specifically took.  Furthermore, Gray also cites La. R.S. 17:439 and contends that this statute provides immunity for school employees from tort actions arising out of what allegedly happened in this case.  He maintains that the plaintiffs never alleged that Gray's actions were outside the scope of his duties connected with his employment as Superintendent of Schools, resulting in no cause of action raised against him.

The peremptory exception of no cause of action tests the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the petition.  *Scheffler v. Adams and Reese, LLP*, 06-1774 (La. 2/22/07), 950 So. 2d 641; *Blanche v. Varner*, 52,659 (La. App. 2 Cir. 5/22/19), 273 So. 3d 620; *Gipson v. Fortune*, 45,021 (La. App. 2 Cir. 1/27/10), 30 So. 3d 1076, *writ denied*, 10-0432 (La. 4/30/10), 34 So. 3d 298.  A "cause of action," when used in the context of the peremptory exception of no cause of action, refers to the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant.  *Blanche*, *supra; White v. St. Elizabeth B.C. Bd. of Directors*, 45,213 (La. App. 2 Cir. 6/2/10), 37 So. 3d 1139.  The purpose of the exception of no cause of action is not to determine whether the plaintiff will prevail at trial but is to ascertain if a cause of action exists.  *Blanche*, *supra; Bogues v. Louisiana Energy Consultants, Inc.*, 46,434 (La. App. 2 Cir. 8/10/11), 71 So. 3d 1128.  The exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true.  *Fink v. Bryant*, 01-0987 (La. 11/28/01), 801 So. 2d 346; *Blanche*, *supra*.

An appellate court's review of a trial court's ruling sustaining an exception of no cause of action is *de novo* because the exception raises a

question of law, and the trial court's decision is based only on the sufficiency of the petition. *Id*. The essential question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's favor, the petition states any valid cause of action for relief. *Wright v. Louisiana Power & Light*, 06-1181 (La. 3/9/07), 951 So. 2d 1058; *Scheffler*, *supra*; *Blanche*, *supra*.

La. R.S. 17:439 provides, in pertinent part:

A. Except as otherwise provided in this Section, no person shall have a cause of action against any school employee based on any statement made or action taken by the school employee provided that the action or statement was within the course and scope of the school employee's duties as defined by the school board in which the school employee is employed and was within the specific guidelines for school employee behavior as established by that school board.

B. As used in this Section, the terms "school employee" means any school employee who has direct contact with students in the course and scope of the school employee's duties as defined by the school board by which the school employee is employed, and includes but is not limited to school-based administrators, classroom teachers, coaches, librarians, counselors, teachers' aides, clerical employees, lunchroom workers, custodial workers, school bus operators, and school bus operators' aides.

C. The immunity from liability established by this Section shall not apply to any action or statement by a school employee that was maliciously, willfully, and deliberately intended to cause bodily harm to a student or to harass or intimidate a student.

Aside from the petition naming Gray as a defendant and requesting that he be served with the petition, the plaintiffs have failed to plead facts giving rise to a cause of action against Gray in his capacity as Morehouse Parish School Board Superintendent. Apart from broadly stating that ***the elementary school*** failed to address the alleged attack and injuries, failed to assist the minor child after the alleged incident, and failed to notify the

5

parents of the minor child or call the police department, nothing in the petition addresses any action or inaction *by Gray*. The petition also lacks allegations challenging Gray's immunity pursuant to La. R.S. 17:439(C). Most notably, when questioned about the exception of no cause of action at the hearing held on May 14, 2024, counsel for the plaintiffs made no objections to the trial court's ruling as seen in the following exchange:

> **MR. KATZ**: Insofar as -- I have the same arguments as I had in the other cases and I think with the sustaining of the exception of no cause of action, meaning it'd be dismissed with prejudice, that means vagueness and nonjoinder are moot because they would have been without prejudice.
>
> **MR. SMITH**: You're talking about as it relates to David Gray?
>
> **MR. KATZ**: Only, yes.
>
> **THE COURT**: Your position, Mr. Smith?
>
> **MR. SMITH**: Okay.
>
> **THE COURT**: Sir?
>
> **MR. SMITH**: I'll agree with that as it relates to David Gray.
> **MR. KATZ**: Okay.
>
> **THE COURT**: Do you wish to enter any objections as to that ruling?
>
> **MR. SMITH**: No, Your Honor.
>
> . . . .

Given that the petition lacks well-pleaded facts to accept as true related to Gray's actions or inactions, and that counsel for Gray made no objections to the ruling of the trial court at the hearing, the plaintiffs' first assignment of error lacks merit. Therefore, we affirm that part of the trial court's judgment granting the exception of no cause of action and dismissing Gray from the lawsuit.

*Insufficient Service*

Ms. White next asserts that the trial court erred in granting the defendants' exception of insufficiency of service of process and motion for involuntary dismissal for failure to request service within the time prescribed. In reply, the defendants reiterate that the plaintiffs requested service be made only on Gray, and only Gray was served with the petition. Ms. White failed to request service on the remaining defendants within 90 days of the commencement of the action as required by La. C.C.P. art. 1201(C), and according to the defendants, service has still not been requested to date.

Service of the citation shall be requested on all named defendants within 90 days of commencement of the action. La. C.C.P. art. 1201(C). La. C.C.P. art. 1672(C) states:

> A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

On appeal, the trial court's dismissal of a suit for failure of the plaintiff to timely request service is subject to the manifest error standard of review. *Wilson v. Dep't of Pub. Safety & Corr.*, 53,433 (La. App. 2 Cir. 4/22/20), 295 So. 3d 1274, *writ denied*, 20-00717 (La. 9/29/20), 301 So. 3d 1176; *Pylant v. Jefferson Parish, State of La. Dept. of Health & Hosp.*, 05-148 (La. App. 5 Cir. 6/28/05), 907 So. 2d 807, *writ denied*, 05-1992 (La. 3/17/06), 925 So. 2d 537; *Johnson v. Brown*, 03-0679 (La. App. 4 Cir. 6/25/03), 851 So. 2d 319.

7

In the petition, the plaintiffs requested that David Gray be served within 90 days of the commencement of the action, but notably Ms. White failed to request this same service on the other named defendants. In response, the remaining defendants filed a declinatory exception of insufficiency of service of process and motioned for an involuntary dismissal. At the hearing, counsel for Ms. White stated that he did not object to the trial court's conclusions that service was not requested on the defendants other than Gray. The defendants clearly followed the proper procedure, and the trial court correctly granted the defendants' exception and motion. Consequently, Ms. White's second assignment of error is without merit.

## CONCLUSION

For the reasons expressed, we affirm the trial court's judgment granting the defendant David Gray's exception of no cause of action (with prejudice). We also affirm the trial court's judgment granting the defendants' declinatory exception of insufficiency of service of process and motion for involuntary dismissal (without prejudice). Costs of this appeal are assessed to the plaintiffs, Starnesheua White, personally and on behalf of the minor child, Tramyah White.

**AFFIRMED.**