**BOBBI HARRIGAN O/B/O**      \*      **NO. 2025-CA-0309**
**MATTHEW SURGENOR,**
**ROBERT SURGENOR, AND**      \*
**CATHY SURGENOR**                **COURT OF APPEAL**
     \*
**VERSUS**                    **FOURTH CIRCUIT**
     \*
**DR. WILLIAM RISHER AND**          **STATE OF LOUISIANA**
**UNIVERSITY MEDICAL**      \* \* \* \* \* \* \*
**CENTER - NEW ORLEANS**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-10791, DIVISION "A"
Honorable Ellen M. Hazeur
\* \* \* \* \* \*
**Judge Monique G. Morial**
\* \* \* \* \* \*

(Court composed of Judge Tiffany Gautier Chase, Judge Dale N. Atkins, Judge
Monique G. Morial)

**CHASE, J., CONCURS IN THE RESULT**

George M. McGregor
Cesar R. Burgos
Robert J. Daigre
Leila M. Bonilla
N. Blake Peters
Colin Leonard
William R. Penton, III
BURGOS, DAIGRE & McGREGOR, LLC
3535 Canal Street
New Orleans, LA 70119

            COUNSEL FOR PLAINTIFFS/APPELLANTS

Kelli M. Khalaf
J. Marc Vezina
VEZINA AND GATTUSO, L.L.C.
401 Weyer Street
P. O. Box 461
Gretna, LA 70054

Elizabeth Baker Murrill
ATTORNEY GENERAL
Louisiana Department of Justice
Litigation Division
1885 North Third Street, 3rd Floor
Baton Rouge, LA 70802


COUNSEL FOR DEFENDANTS/APPELLEES


**AFFIRMED**
**DECEMBER 10, 2025**

In this medical malpractice litigation, Plaintiffs appeal the trial court's judgment dismissing their medical malpractice suit filed against defendant Dr. William Risher for failure to request service against him within a 90-day period as required under La. R.S. 13:5107(D). For the following reasons, we affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL HISTORY**

On September 18, 2023, Plaintiffs, the descendants of Dennis Surgenor[1], filed a medical malpractice suit against Dr. William Risher and University Medical Center ("UMC") arising out of Mr. Surgenor's death following his November 14, 2019 esophagectomy/jejunostomy procedure performed by defendant Dr. Risher at UMC.[2]

On February 2, 2024, Plaintiffs filed a Supplemental and Amending Petition naming Dr. Risher, UMC, and the State of Louisiana, Louisiana State University

_____

[1] The named Plaintiffs are Bobbi Harrigan, on behalf of Matthew Surgenor, Robert Surgenor and Cathy Surgenor.

[2] On October 13, 2023, University Medical Center Management Corp. d/b/a University Medical Center, after receiving service of the original petition, filed an Answer to the original petition. On April 12, 2024, UMC filed a motion for summary judgment, contending that Dr. Risher is not and was not an employee of UMC at the time of the alleged malpractice. On July 1, 2024, the trial court granted UMC's motion for summary judgment, and plaintiffs' suit against UMC was dismissed with prejudice.

1

Health Sciences Center ("LSUHSC"), Dr. Risher's employer at the time of the alleged malpractice. It is undisputed that Plaintiffs withheld service of the petition on Dr. Risher and that he was never served with the initial petition for damages. The first request for service reflected in the record upon Dr. Risher was with the filing of the supplemental and amending petition on February 2, 2024, approximately 137 days after the filing of the initial petition. The record further reflects that Dr. Risher was served with the supplemental and amending petition on March 12, 2024.

On January 5, 2024, Dr. Risher filed a "Motion to Dismiss" pursuant to La. R.S. 13:5107(D), La. C.C.P. art. 1201(C), and La. C.C.P. art. 1672, seeking to have Plaintiffs' petition dismissed without prejudice for failure to serve him timely within the 90-day period provided for in La. R.S. 13:5107(D).[3] The trial court set the motion to dismiss for contradictory hearing on February 23, 2024. The matter was continued on multiple occasions.[4]

Plaintiffs filed an opposition to Dr. Risher's motion to dismiss. Plaintiffs did not dispute that Dr. Risher was never served with the initial petition. Plaintiffs'

---

[3]Defendant in this case filed a contradictory motion rather than a declinatory exception of insufficiency of service of process. This Court has held that, "[i]f the requirements of Article 1201(C) are not followed, a motion for involuntary dismissal pursuant to La. C.C.P. art. 1672(C) is the proper procedural vehicle to obtain a dismissal of the claims." *Draten v. Univ. Med. Ctr. Mgmt. Corp.*, 20-0519, p. 5 (La. App. 4 Cir. 7/21/21), 325 So.3d 441, 445, n.2 (citing *Filson v. Windsor Court Hotel*, 04-2893, p. 9 (La. 6/29/05), 907 So.2d 723, 729-30). Moreover, La. C.C.P. art. 1201(C), which controls general service requirements, was recently amended to expressly permit the filing of a contradictory motion in addition to the filing of a declinatory exception of insufficiency of service of process where a party complains of insufficient service. La. R.S. 13:5107(D)(2) further provides that "[i]f service is not requested… the action shall be dismissed without prejudice, after contradictory motion… ." In this appeal, no party has objected to or assigned as error the procedural vehicle utilized to raise the issue of insufficiency of service in this matter.

[4] On March 14, 2024, Dr. Risher filed a "Motion to Reset Motion to Dismiss." On May 14, 2024, Plaintiffs' counsel filed a motion to continue and reset the motion to dismiss due to a scheduling conflict. On May 31, 2024, Dr. Risher filed a motion to reset his previously filed motion to dismiss without prejudice, which was granted, and the matter was reset to July 26, 2024.

counsel claimed that the decision was made to hold service of the initial petition upon Dr. Risher as a courtesy to spare Dr. Risher the embarrassment of being served by the sheriff at his office in front of patients. In their opposition, Plaintiffs argued first that the subsequent filing of the supplemental and amending petition, which was properly served upon Dr. Risher, rendered the motion to dismiss concerning the initial petition "moot." Plaintiffs' counsel asserted that his office was advised by Dr. Risher's counsel that Plaintiffs needed to amend their petition to name as a defendant LSUHSC and to properly serve the petition on the Attorney General, Office of Risk Management, and Board of Supervisors of LSUHSC. Plaintiffs' counsel further contended that defense counsel advised their office by telephone that if a supplemental petition were filed and properly served, the motion to dismiss would be rendered moot.

The documents attached to the opposition to the motion to dismiss include email correspondence between the law clerk for the district court and the parties' attorneys, wherein the law clerk states:

> I am emailing in regards to a hearing that is scheduled for Friday, February 23rd in the above referenced matter. Based on my review of the record, Plaintiffs were served with the rule to show cause, and no opposition was filed. Are the parties entering into a consent judgment? If so, please let the Court know by Wednesday, February 21st at 4:00 p.m.

On February 18, 2024, Plaintiffs' counsel responded to the court indicating that it was his understanding that, in light of the supplemental petition filed and served, the motion to dismiss was rendered moot and the matter should be removed from the docket. On February 18, 2024, Dr. Risher's counsel responded to the court and counsel, "[y]ou are correct."

3

Dr. Risher filed a reply memorandum to the opposition, arguing that dismissal without prejudice is mandatory under the facts of this case under La. R.S. 13:5107—where service was not requested within 90 days and the supplemental and amending petition with proper service requested was made outside of the original 90-day period. Dr. Risher's counsel further argued that her e-mail communication to opposing counsel and the court did not constitute an express written waiver of service on behalf of her client, but rather was communicated only with the intent to inform the court that the matter should be removed from the February 23, 2024 docket, as she was unavailable on that date.

On July 26, 2024, the trial court conducted a hearing on the motion to dismiss. At the hearing, Dr. Risher's counsel argued that she never intended to expressly waive service on behalf of Dr. Risher, that she did not have authority from her client to do so, and that she never filed a written motion to withdraw the previously filed motion to dismiss. She explained that initially, while speaking by telephone with Plaintiffs' counsel's staff, wherein she provided additional service information verbally as to how to properly serve LSUHSC and Dr. Risher, she confused this case with another pending case in the office in which service upon the state defendant had been requested within the 90-day period. Further, concerning her email communication to the court, counsel asserted that she never intended to withdraw her motion to dismiss but rather simply desired to have the matter removed from the Court's February 23, 2024 docket. Counsel explained to the court that the hearing on the motion to dismiss was scheduled for the Friday before Mardi Gras, a date on which she would not be available. Dr. Risher's counsel further pointed out that both the phone call with a staff member of opposing counsel's office as well as the email communication to the court

4

concerning removing the matter from the docket occurred *after* the initial 90-day period had expired.

At the conclusion of the hearing, after considering all evidence introduced by the parties, the trial court found that neither the verbal telephone communications between Dr. Risher's counsel and opposing counsel's staff nor the email communication to the court and opposing counsel constituted "an express waiver of service on behalf of her client" in writing as required under La. R.S. 13:5107. The trial court further made a factual determination that Plaintiffs did not meet their burden to show that "good cause" existed for their failure to request service upon Dr. Risher within the initial 90-day period after the filing of the initial petition. The trial court granted Dr. Risher's motion to dismiss and dismissed the suit against Dr. Risher without prejudice.[5] This timely appeal followed.

## LAW AND ANALYSIS

Plaintiffs appeal the trial court's judgment granting Dr. Risher's motion to dismiss, contending (1) that the filing of the supplemental and amending petition cured any service deficiency of the initial petition and (2) Dr. Risher expressly waived the statutory service requirements through oral and written communications to counsel.

La. R.S. 13:5107(D) controls the service requirements and consequences for failure to properly request service when the state or a state agency or employee is named as a defendant in suit. La. R.S. 13:5107(D) provides:

(1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a party,

---

[5] The trial court initially executed the judgment on December 19, 2024, but failed to include the required decretal language dismissing all of Plaintiffs' claims and, thus, the trial court amended the judgment on February 19, 2025.

service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver. If not waived, a request for service of citation upon the defendant shall be considered timely if requested on the defendant within the time period provided by this Section, notwithstanding insufficient or erroneous service.

(2) If service is not requested by the party filing the action within the period required in Paragraph (1) of this Subsection, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, upon whom service was not requested within the period required by Paragraph (1) of this Subsection.[6]

This Court has previously addressed the service requirements involved when a lawsuit names as a defendant a state office, agency, or employee:

As mandated by La. R.S. 13:5107(D) and La. C.C.P. art. 1201(C), service shall be requested within ninety days of filing suit where the State or state agency, officer, or employee is a named party. Moreover, unless good cause is shown, the action shall be dismissed as to the party for whom service has not been timely requested upon sustaining said party's declinatory exception pursuant to La. C.C.P. art. 1672(C).

*Velasquez v. Chesson*, 13-1260, pp. 2-3 (La. App. 4 Cir. 10/8/14), 151 So.3d 812, 813–14, *writ denied*, 14-2361 (La. 2/27/15), 159 So.3d 1067(footnotes omitted).

On appeal, a judgment dismissing an action for failure to timely request service is subject to the manifest error standard of review. *Llopis v. Louisiana State Bd. of Dentistry,* 13–0659, p. 5 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211, 1214.

---

[6] La. C.C.P. art. 1672(C) provides:

C. A judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by Article 1201(C) or 3955 upon the sustaining of a declinatory exception filed by such defendant, or upon contradictory motion of any other party, unless good cause is shown why service could not be requested, in which case the court may order that service be effected within a specified time.

In this case, it is undisputed that Plaintiffs failed to request service of the initial petition, filed on September 18, 2023, upon the state defendant-employee Dr. Risher within the required 90-day period. In their first assignment of error on appeal, Plaintiffs contend that the filing of the supplemental and amending petition, filed on February 2, 2024, and properly served upon Dr. Risher on March 12, 2024, cured any service defect in the initial petition. In support of their argument, Plaintiffs point to this Court's decision in *Llopis v. Louisiana State Board of Dentistry*, 13-659 (La. App. 4 Cir. 6/11/14), 143 So.3d 1211.

In *Llopis*, this Court found that service of a supplemental and amending petition, incorporating all allegations set forth in the initial petition not first served upon the state defendant, would satisfy the service requirements provided in La. R.S. 13:5107. However, in *Llopis*, this Court emphasized that service in that case was made within the statutorily required 90-day period from the date of the filing of the original or initial petition. Moreover, this Court in *Llopis* noted that key distinction from other appellate court decisions where the filing and service of an amended and supplemental petition was requested outside of the original 90-day period. *Llopis*, 13-659, pp. 6-7, 143 So.3d at 1215.[7] Upon review of the record, we find that *Llopis* is factually distinguishable from the instant case, where service

---

[7] The Court in *Llopis* stated:

> This case is distinguishable from the Fifth Circuit case of *Pylant v. Jefferson Parish, State of Louisiana, Department of Health and Hospitals*, 05–148 (La. App. 5 Cir. 6/28/05), 907 So.2d 807, in which a request for service of process on the correct agent was not made within ninety days of filing suit. This case is also distinguishable from the Fifth Circuit case of *McGuire v. Environmental Monitoring Service, Inc.*, 03–497 (La. App. 5 Cir. 9/30/03), 865 So.2d 759, in which the amended petition was filed more than ninety days after the filing of the original petition.

> *Llopis v. Louisiana State Bd. of Dentistry*, 13-0659, p. 7, 143 So.3d at 1215, n.3.

7

upon Dr. Risher of any petition was not requested within the statutorily required 90-day period from the date of the filing of the initial petition.

In their second assignment of error, Plaintiffs contend that Dr. Risher's counsel's communications to opposing counsel and to the court constitute an express waiver of service. La. R.S. 13:5107 provides that the statutory service requirements may be "expressly waived by the defendant in such action by any written waiver." La. R.S. 13:5107(D). The specific statutory provisions require an express, written waiver of the 90–day service requirement in suits against political subdivisions and their employees, and neither an implied waiver nor an oral waiver will suffice. *Davis v. Caraway*, 14-264, pp. 6-7 (La. App. 5 Cir. 10/29/14), 164 So.3d 223, 226; *Filson v. Windsor Ct. Hotel*, 04-2893, p. 9 (La. 6/29/05), 907 So.2d 723, 729.

This Court reviews a judgment dismissing an action for failure to timely request service under the manifest error standard of review. *Llopis*, *supra*. This Court has stated:

> Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.

*Draten v. Univ. Med. Ctr. Mgmt. Corp.*, 20-0519, p. 5 (La. App. 4 Cir. 7/21/21), 325 So.3d 441, 444 (citing *Allerton v. Broussard*, 10-2071, p. 3 (La. 12/10/10), 50 So.3d 145, 147).

The trial court considered the following: (1) arguments of counsel presented at the hearing on the motion to dismiss explaining the need to remove the motion to dismiss from the docket and (2) evidence introduced of the email communications between the trial court's law clerk and all counsel concerning the

scheduling of the motion hearing. Based on the foregoing, the trial court made a factual determination that Dr. Risher's counsel did not execute an express, written waiver of the 90-day service requirement on behalf of her client as contemplated under La. R.S. 13:5107. Considering the record before us, we cannot find that the trial judge was manifestly erroneous in this factual finding.

## DECREE

Accordingly, for the reasons provided herein, the February 19, 2025 trial court judgment granting defendant Dr. Risher's motion to dismiss is affirmed.

**AFFIRMED**